IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.F. and K.F., individually and on behalf of their minor child, R.F., <br><br> Plaintiffs, <br><br> vs. <br><br> PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawaii Public Schools; and DEPARTMENT OF EDUCATION, STATE OF HAWAII, <br><br><br><br><br> Defendants. <br> _____ | ) CIVIL NO. 07-00278 JMS-KSC ) ) FINDINGS AND ) RECOMMENDATION TO GRANT ) PLAINTIFFS' MOTION FOR ) PARTIAL SUMMARY JUDGMENT ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

FINDINGS AND RECOMMENDATION TO GRANT PLAINTIFFS' MOTION
FOR PARTIAL SUMMARY JUDGMENT

On May 25, 2007, Plaintiffs A.F. and K.F.,

individually an on behalf of their minor child, R.F.

("Plaintiffs"), filed a Motion for Partial Summary

Judgment seeking a determination that they are a

prevailing party and entitled to recover attorneys'

fees and costs ("Motion").  Plaintiffs also filed a Concise Statement and a Sealed Declaration of Irene E. Vasey.  This Motion was referred to this Court by United States District Judge J. Michael Seabright on May 25, 2007.

On July 17, 2007, Defendants Patricia Hamamoto, in her official capacity as Superintendent of the Hawaii Public Schools and the Department of Education, State of Hawaii ("Defendants") filed their Opposition. Defendants did not file a concise statement of facts.

The matter came on for hearing on July 23, 2007.  Attorney Irene E. Vasey appeared on behalf of Plaintiffs; Deputy Attorney General Ryan H. Ota appeared on behalf of Defendants.

At the hearing, the Court directed the parties to file supplemental memoranda addressing the following: (1) whether Plaintiffs should be permitted to file a separate action for attorneys' fees when Federal Rule of Civil Procedure ("Rule") 54(d) provides for a procedure for filing a motion for attorneys' fees following the entry of final judgment; and (2) whether

2

Plaintiffs waived their right to recover attorneys' fees by failing to file a motion for attorneys' fees under Rule 54(d).

On August 6, 2007, both parties submitted supplemental briefs addressing the aforementioned issues.

<u>BACKGROUND</u>

Plaintiffs filed an Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 *et seq*, action against Defendants claiming that Defendants' reduction of Plaintiff R.F.'s therapeutic services during a 2006 summer education program violated the IDEA. <u>See</u> Motion at 2.  On August 7, 2006, after a three-day hearing, the Administrative Hearing Officer ("Hearing Officer") determined that Defendants had denied Plaintiff R.F. a free and appropriate public education by cutting the hours of services to be provided in her summer educational program and deemed Plaintiffs the "prevailing party" under the IDEA. <u>See</u> Findings of Fact, Conclusions of Law and Decision dated August 7, 2006 ("Hearing Officer's Decision") at 11.

3

On September 1, 2006, Plaintiffs invoiced Defendants their attorneys' fees and costs in the amount of $23,978.00 and provided a detailed breakdown of time spent.  Plaintiffs' Supplemental Brief at 3. Defendants did not respond. Id.

On September 7, 2006, Defendants appealed the Hearing Officer's decision to the United States District Court for the District of Hawaii. See Civ. No. 06-00488 SOM-BMK.  On April 9, 2007, United States District Judge Susan Oki Mollway affirmed the Hearing Officer's decision for Plaintiffs on the grounds that Defendants had violated the "Stay Put" provision of the IDEA by failing to maintain the then-current level of therapeutic services during the summer of 2006. See Order Affirming Hearing Officer's Findings of Fact, Conclusions of Law, and Decision dated April 9, 2007 ("April 9, 2007 Order") at 13.  Judgment was entered on April 9, 2007.

On April 16, 2007, Plaintiffs mailed Defendants an invoice containing all attorneys' fees and costs up to February 28, 2007 and a letter offering to cap fees

4

at the February 28, 2007, amount and to discount that amount by $2,000 if Defendants would accept the offer by April 19, 2007. Plaintiff's Supplemental Brief at 4. Defendants did not respond by April 19, 2007. Id.  On May 10, 2007, Defendants faxed Plaintiffs a letter stating that they refused to pay any of Plaintiffs' attorneys' fees and costs, claiming that Plaintiffs were not a "prevailing party" under Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health & Human Res., 532 U.S. 598 (2001). Id.

On May 25, 2007, Plaintiffs filed a Complaint for Fees in this Court and simultaneously filed the instant Motion.

DISCUSSION

Under the IDEA, the Court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability. See 20 U.S.C. § 1415(i)(3)(B). The IDEA provides for two separate causes of action under § 1415(i). See Holmes ex rel. Hitches v. Dept. of

Educ., 234 F. Supp. 2d 1156, 1157-58 (D. Haw. 2002)(citations omitted).  The IDEA authorizes (1) an aggrieved party to file an appeal of the substantive administrative decision; and (2) a party prevailing at the administrative level to file an action solely for attorneys' fees in federal court.  See 20 U.S.C. § 1415(i)(2) and (i)(3); See also Zipperer v. School Bd. of Seminole County, 111 F.3d 847, 851 (11th Cir. 1997).

     Here, Defendants filed an appeal in this Court challenging the administrative decision.  See Civ. No. 06-00488 SOM-BMK.  Judge Mollway affirmed the administrative decision and judgment was entered on April 9, 2007.  See April 9, 2007 Order.  Instead of filing a motion for attorneys' fees in accordance with Rule 54(d), Plaintiffs elected to file a separate action in federal court seeking attorneys' fees.[1]  While the IDEA permits a prevailing party to file an action

---

     [1]  In recent IDEA cases that have come before this Court on appeal, prevailing parties have filed motions for attorneys' fees under Rule 54(d) in that action rather than filing a new, separate action for fees. See, e.g., Dept. of Educ. v. E.B., et al., No. 05-00543, 2006 WL 1343681 (D. Haw. May 15, 2006).

in federal court solely for fees, it is unclear whether
this option is available to a party who obtains a
favorable judgment in federal court following an appeal
of the administrative decision.

Therefore, before the Court can address the
issue of whether Plaintiffs are a prevailing party, the
Court must first determine whether Plaintiffs have
waived their right to recover fees by failing to file a
motion for fees under Rule 54(d).

I.   Rule 54(d) and Local Rule 54.3

Rule 54(d)(2)(A) provides that "[c]laims for
attorneys' fees and related non-taxable expenses shall
be made by motion unless the substantive law governing
the action provides for the recovery of such fees as an
element of damages to be proved at trial." Fed. R. Civ.
P. 54(d)(2)(A).  Unless otherwise provided for by
statute or order of the Court, a party must file a
motion for attorneys' fees no later than 14 days after
entry of judgment. Fed. R. Civ. P. 54(d)(2)(B); Local
Rule 54.3(a).

When an appeal of an administrative decision is filed in federal court, the prevailing party may file a motion for attorneys' fees under Rule 54(d).  See DeKalb v. County School Dist. v. J.W.M., 445 F. Supp. 2d 1371, 1378-79 (D. Ga. 2006)(finding that, in an IDEA action involving an appeal of an administrative decision, "[t]he correct procedural method for obtaining an award of fees and costs is to file a motion, not a claim within a pleading").  Significantly, when a party prevails at the administrative level and there is no appeal, the prevailing party must file a court action in order to recover fees.[2]  See 20 U.S.C. § 1415(i)(3).  Where there is an appeal of the administrative decision in federal court, Rule 54(d) provides a procedure for a prevailing party to obtain attorneys' fees and costs.  The Court

───────────────

[2] In Holmes,234 F.Supp.2d 1156, this Court held that a prevailing party seeking to recover fees and costs at the administrative level has two years following the administrative decision to file an action for fees in federal court.  However, this case is distinguishable from Holmes because in this case Defendants challenged the administrative decision by filing an appeal in this Court.

finds that in this case the correct procedural method for obtaining an award of fees and costs is to file a motion under Rule 54(d), rather than a separate action for fees in federal court.

      II.  <u>Excusable Neglect</u>

Even though Plaintiffs failed to file a timely motion for attorneys' fees pursuant to Rule 54(d), they argue that they should be permitted to proceed with their claim for fees based on excusable neglect. Plaintiffs' Supplemental Brief at 7-11. Defendants argue that inadvertence, ignorance of the rules, and misconstruction of unambiguous law are not excusable neglect. <u>Id.</u> at 9.

Rule 6(b)(2) provides that a district court may, within its discretion, permit a party to file an untimely motion, "when the failure to act was the result of excusable neglect." In <u>Pioneer Investment Services Co. v. Brunswick Associates Ltd. Partnership</u>, 507 U.S. 380 (1993), the Supreme Court set forth an equitable analysis for determining whether a missed deadline was a result of excusable neglect. The

Supreme Court set forth the following factors for a court to consider: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on judicial proceedings; (3) the reason for the delay, including whether it was within the reasonable control of the movant; and (4) whether the movant acted in good faith. Id. at 395.  In addition, the Supreme Court noted that "[a]lthough inadvertence, ignorance of the rules, or mistakes construing the rules do not usually constitute 'excusable' neglect, it is clear that 'excusable neglect' under Rule 6(b) is a somewhat 'elastic concept' and is not limited strictly to omissions caused by circumstances beyond the control of the movant." Id. at 392 (internal citations omitted); see also Kyle v. Campbell Soup Co., 28 F.3d 928, 931 (9th Cir. 1994).

A.  Prejudice

The first factor for the Court to consider is the danger of prejudice to the opposing party. Plaintiffs first submitted their request for attorneys'

fees and costs to Defendants on September 1, 2006, less
than one month after the Hearing Officer issued his
decision.   After some correspondence, the parties were
unable to resolve the fees issue and Plaintiffs filed
an action for fees in this Court.   Given that
Defendants have been aware that Plaintiffs intended to
seek to recover attorneys' fees for over one year, and
considering that the parties have engaged in ongoing
discussions with respect to fees, the Court finds that
Defendants will suffer little prejudice, if any, if
Plaintiffs are permitted to pursue their claim for
fees.

      B.  <u>Length of Delay and Potential Impact
on Judicial Proceedings</u>

In this case, judgment was entered in this
Court on April 9, 2007.   Under Rule 54(d)(2)(B),
Plaintiffs should have filed a motion for fees no later
than 14 days after entry of judgment.   Plaintiffs filed
a Complaint for fees in this Court on May 25, 2007.
The Court finds that the delay of approximately one

month has a minimal impact on the judicial proceedings in this case.

C.   <u>Reason for Delay</u>

The Court also considers the reason for the delay, including whether it was within the reasonable control of the movant.  Here, Plaintiffs state that the reason for the delay was Plaintiffs' mistaken assumption that the fees issue could not be settled until the prevailing party issue was resolved. Plaintiff's Supplemental Brief at 11-12.  In Judge Mollway's April 9, 2007 Order, she noted in a footnote that "[a]lthough R.F. has moved out-of-state, this action is not moot, as the hearing officer determined that R.F.'s parents were the prevailing party, which may entitle them to attorneys' fees."  April 9, 2007 Order at n.2.  Plaintiffs claim that they interpreted this language to mean that the prevailing party status was yet to be resolved. <u>Id.</u> at 12.

While the reasonableness of Plaintiffs' confusion is questionable, the Court takes due consideration of the fact that Defendants never raised

12

the issues of timeliness or waiver prior to this
Court's request for supplemental briefing.  In
addition, the Court has not found any controlling
authority in the Ninth Circuit or this District that
requires a prevailing party to file a Rule 54(d) motion
for fees instead of filing a separate action for fees
under the IDEA.  For these reasons, the Court finds
that Plaintiffs' failure to file a timely Rule 54(d)
motion was not necessarily due to their "ignorance of
the rules" and it is excusable.

D.  <u>Good Faith</u>

Based on the circumstances presented in this
case, the Court finds that Plaintiffs have acted in
good faith.  Plaintiffs began their efforts to obtain
attorneys' fees from Defendants less than one month
after the Hearing Officer issued his decision and has
been engaged in ongoing discussions with Defendants
regarding attorneys' fees.  There is no evidence that
Plaintiffs acted in bad faith in this case.

Considering all the <u>Pioneer</u> factors, the Court
finds that Plaintiffs' failure to file a Rule 54(d)

13

Motion for attorneys' fees was the result of
Plaintiffs' counsel's excusable neglect.  Having found
that Plaintiffs should be permitted to proceed with
their claim for attorneys' fees, the Court will address
whether Plaintiffs are the prevailing party in this
case.

III.  <u>Summary Judgment</u>

A.  <u>Summary Judgment Standard</u>

Summary judgment is appropriate when there is
no genuine issue of material fact and the moving party
is entitled to judgment as a matter of law.  <u>See</u> Fed.
R. Civ. P. 56(c).  The moving party has the initial
burden of "identifying for the court those portions of
the materials on file in the case that it believes
demonstrate the absence of any genuine issue of
material fact." <u>T.W. Elec. Serv., Inc. v. Pacific</u>
<u>Elec. Contractors Ass'n</u>, 809 F.2d 626, 630 (9th Cir.
1987) (citing <u>Chelates Corp. v. Citrate</u>, 477 U.S. 317,
323 (1986)).  In a motion for summary judgment, the
court must view the facts in the light most favorable

14

to the nonmoving party.  State Farm Fire & Casualty Co. v. Martin, 872 F.2d 319, 320 (9th Cir. 1989).

Once the moving party has met its burden of demonstrating the absence of any genuine issue of material fact, the nonmoving party must set forth specific facts showing that there is a genuine issue for trial.  T.W. Elec., 809 F.2d at 630; Fed. R. Civ. P. 56(e).  The opposing party may not defeat a motion for summary judgment in the absence of any significant probative evidence tending to support its legal theory. Intel Corp. v. Hartford Accident & Indemnity Co., 952 F.2d 1551, 1558 (9th Cir. 1991).  The nonmoving party cannot stand on its pleadings, nor can it simply assert that it will be able to discredit the movant's evidence at trial.  T.W. Elec., 809 F.2d at 630; Blue Ocean Preservation Soc. v. Watkins, 754 F. Supp. 1450, 1455 (D. Haw. 1991); Fed. R. Civ. P. 56(e).

If the nonmoving party fails to assert specific facts, beyond the mere allegations or denials in its response, summary judgment, if appropriate, shall be entered.  Lujan v. Natal Wildlife Fed'n, 497 U.S. 871,

15

884 (1990); Fed. R. Civ. P 56(e).  There is no genuine
issue of fact if the opposing party fails to offer
evidence sufficient to establish the existence of an
element essential to that party's case.  <u>Chelates</u>, 477
U.S. at 322; <u>Citadel Holding Corp. v. Roven</u>, 26 F.3d
960, 964 (9th Cir. 1994); <u>Blue Ocean</u>, 754 F. Supp. at
1455.

     In considering a motion for summary judgment,
"the court's ultimate inquiry is to determine whether
the 'specific facts' set forth by the nonmoving party,
coupled with undisputed background or contextual facts,
are such that a rational or reasonable jury might
return a verdict in its favor based on that evidence."
<u>T.W. Elec.</u>, 809 F.2d at 631 (citing <u>Anderson v. Liberty
Lobby</u>, 477 U.S. 242, 255 (1986)).  Inferences must be
drawn in favor of the nonmoving party.  <u>T.W. Elec.</u>, 809
F.2d at 631.  However, when the opposing party offers
no direct evidence of a material fact, inferences may
be drawn only if they are reasonable in light of the
other undisputed background or contextual facts and if
they are permissible under the governing substantive

16

law.  Id. at 631-32.  If the factual context makes the
opposing party's claim implausible, that party must
come forward with more persuasive evidence than
otherwise necessary to show there is a genuine issue
for trial.  Bator v. State of Hawaii, 39 F.3d 1021,
1026 (9th Cir. 1994) (citing California Architectural
Bldg. Prods., Inc. v. Franciscan Ceramics, 818 F.2d
1466, 1468 (9th Cir. 1987), cert. denied, 484 U.S. 1006
(1988)).

B.   Plaintiffs Are the Prevailing Party

In their Motion, Plaintiffs request that the
Court grant partial summary judgment and rule that
Plaintiffs are the prevailing party in their IDEA
action.  On August 7, 2006, the Hearing Officer issued
his Findings of Facts, Conclusions of Law and Decision,
found that Defendants had denied Plaintiff R.F. a free
appropriate public education, and designated Plaintiffs
as the "prevailing party."  See Hearing Officer's
Decision at 11.  The Hearing Officer awarded Plaintiffs
"reinstatement of the 2 hour per week occupational
therapy and speech/language training during summer 2006

17

ESY" and "compensatory education for the hours of
occupational therapy and speech/language services
Student has not received during summer 2006 ESY."  <u>Id.</u>
On April 9, 2007, Judge Mollway affirmed the Hearing
Officer's decision and stated in a footnote to her
Order that "[a]lthough RF has moved out-of-state, this
action is not moot, as the hearing officer determined
that RF's parents were the prevailing party, which may
entitle them to attorney's fees." <u>See</u> April 9, 2007
Order at 9, n.2.

       In <u>Shapiro ex rel. Shapiro v. Paradise Valley
Unified School Dist. No. 69</u>, 374 F.3d 857, 865 (9th
Cir. 2004), the Ninth Circuit applied the <u>Buckhannon</u>
analysis to the section of the IDEA that authorizes a
prevailing party to recover fees.  In <u>Buckhannon</u>, the
Supreme Court held that in order to be deemed the
"prevailing party", the party would have to prevail on
the merits and there would have to be a material
alternation of the legal relationship. 532 U.S. at 604.

       Defendants argue that under <u>Buckhannon</u>, 532
U.S. 598, Plaintiffs are not the prevailing party

because Plaintiffs moved out-of-state prior to receiving the benefit of the Court's decision. Opposition at 5.  The Court finds that Defendants' argument is without merit.  First, under 34 C.F.R. § 300.323(f), Individualized Education Programs ("IEPs") follow special education students when they move to another state.[3]  Therefore, Plaintiff R.F. is able to receive the benefit of this Court's decision even though Plaintiff R.F. moved to another state.  Next, in Doe v. Watertown School Committee, 701 F. Supp. 264 (D.

––––––––––––––––––––

[3] 34 C.F.R. § 300.323(f) provides "IEPs for children who transfer from another State. If a child with a disability (who had an IEP that was in effect in a previous public agency in another State) transfers to a public agency in a new State, and enrolls in a new school within the same school year, the new public agency (in consultation with the parents) must provide the child with FAPE [free appropriate public education] (including services comparable to those described in the child's IEP from the previous public agency), until the new public agency––

(1) Conducts an evaluation pursuant to §§ 300.304 through 300.306 (if determined to be necessary by the new public agency); and

(2) Develops, adopts, and implements a new IEP, if appropriate, that meets the applicable requirements in §§ 300.320 through 300.324.

Mass. 1988), the United States District Court for the District of Massachusetts addressed a similar issue and determined that plaintiffs were entitled to recover attorneys' fees.  In Watertown School Committee, the plaintiffs moved to another school district before receiving a favorable administrative decision and the benefit of that decision and the defendants never had an opportunity to appeal. Id.  The court nevertheless allowed the plaintiffs to recover attorneys' fees from the defendants. Id. at 266.

Finally, the Court finds that a determination that Plaintiffs are not a prevailing party in this case solely because Plaintiff R.F. moved out-of-state while Defendants' appeal was pending would not comport with the underlying purposes of the IDEA[4] and would

_____

[4] See 20 U.S.C. §1400(d):

The purposes of this chapter are--

(1)(A) to ensure that all children with disabilities have available to them a free appropriate public education that emphasizes special education and related services designed to meet their unique needs and prepare them for further education, employment, and independent living;

discourage parties from filing IDEA actions.

Accordingly, the Court FINDS and RECOMMENDS that the

Court GRANT Plaintiffs' Motion for Partial Summary

Judgment and hold that Plaintiffs are the prevailing

party in this case and entitled to recover attorneys'

fees and costs.  In addition, the Court FINDS and

RECOMMENDS that Plaintiffs be directed to submit a Rule

54(d) motion for fees that complies with the

requirements set forth in Local Rule 54.3 within 30

---

(B) to ensure that the rights of children with
disabilities and parents of such children are
protected; and
(C) to assist States, localities, educational service
agencies, and Federal agencies to provide for the
education of all children with disabilities;
(2) to assist States in the implementation of a
statewide, comprehensive, coordinated,
multidisciplinary, interagency system of early
intervention services for infants and toddlers with
disabilities and their families;
(3) to ensure that educators and parents have the
necessary tools to improve educational results for
children with disabilities by supporting system
improvement activities; coordinated research and
personnel preparation; coordinated technical
assistance, dissemination, and support; and technology
development and media services; and
(4) to assess, and ensure the effectiveness of, efforts
to educate children with disabilities.

20 U.S.C. §1400(d).

days of the issuance of an order adopting these

FINDINGS and RECOMMENDATION to GRANT Plaintiffs' Motion

for Partial Summary Judgment.

IT IS SO FOUND AND RECOMMENDED.

Dated: Honolulu, Hawaii, August 16, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

CIVIL NO. 07-00278 JMS/KSC.  A.F. and K.F., et al. v. PATRICIA
HAMAMOTO, et al.; FINDINGS AND RECOMMENDATION TO GRANT
PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT