IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| A.F. and K.F., Individually and on behalf of their minor child, R.F.,<br><br>        Plaintiffs,<br><br>    vs.<br><br>PATRICIA HAMAMOTO, in her official capacity as Superintendent of the Hawai'i Public Schools; and DEPARTMENT OF EDUCATION, STATE OF HAWAI'I,<br><br>    Defendants. | CIVIL NO. 07-00278 JMS-KSC<br><br>REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS' RULE 54(D) MOTION FOR DETERMINATION OF ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART |

REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS'
RULE 54(D) MOTION FOR DETERMINATION OF ATTORNEY'S FEES
AND COSTS BE GRANTED IN PART AND DENIED IN PART

On October 5, 2007, Plaintiffs A.F. and K.F.,

individually and on behalf of their minor child, R.F.

(collectively "Plaintiffs"), filed a Rule 54(d) Motion

for Determination of Attorney's Fees and Costs

("Motion").  On October 24, 2007, Plaintiffs filed a

Statement of Consultation.  To date, Defendants

Patricia Hamamoto ("Hamamoto") and the Department of

Education, State of Hawaii ("DOE") (collectively

"Defendants") have not filed an Opposition.  Plaintiffs

request $54,817.20 in attorneys' fees and costs.

The Court finds this matter suitable for disposition without a hearing pursuant to Local Rule 7.2(d) of the Local Rules of Practice of the United States District Court of the District of Hawaii ("Local Rules"). After reviewing the Plaintiffs' submissions and the relevant case law, the Court FINDS and RECOMMENDS that the Motion be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Plaintiffs filed an Individuals with Disabilities in Education Act ("IDEA"), 20 U.S.C. § 1400 et seq., action against Defendants for DOE's decision to reduce the amount of services for R.F. during the 2006 extended school year. Mem. in Supp. of Mot. at ¶ 3. On August 7, 2006, the Administrative Hearings Officer found that DOE denied R.F. a free appropriate public education and entered findings and conclusions in Plaintiffs' favor. Id. at ¶ 7. The Hearing Officer deemed Plaintiffs the "prevailing party" in the matter. Ex. A to Mot. at 11.

On September 7, 2006, Defendants appealed the decision to the United States District Court for the District of Hawaii.  On April 9, 2007, United States District Judge Susan Oki Mollway affirmed the Hearing Officer's decision on the ground that Defendants had violated the IDEA's "stay put" provision by reducing the amount of related services provided to R.F. during the 2006 extended school year.  <u>See</u> Order Affirming Hearing Officer's Findings of Facts, Conclusions of Law, and Decision, CV 06-00488 SOM-BMK, at 13.  The Court entered judgment on April 9, 2007.

On April 16, 2007, Plaintiffs sent an invoice for attorneys' fees to Defendants' representative, offering to settle for a discounted amount of $28,500. Mem. in Supp. of Mot. at ¶ 12.  Defendants responded several weeks later, claiming that Plaintiffs were not prevailing parties, and therefore declined to pay any attorneys' fees and costs.  <u>Id.</u> at ¶ 13.

On May 25, 2007, Plaintiffs commenced the instant action and simultaneously filed a motion for partial summary judgment on the issue of whether they

3

are the "prevailing party" under IDEA with respect to both the administrative proceeding and the appeal.  On August 16, 2007, this Court issued a Findings and Recommendation to Grant Plaintiffs' Motion for Partial Summary Judgment ("F&R"), concluding that Plaintiffs are the prevailing party in this case and are entitled to recover attorneys' fees and costs.  The Court recommended that Plaintiffs be directed to submit a Federal Rule of Civil Procedure 54(d) motion for fees within thirty (30) days of the issuance of an order adopting the F&R.  F&R at 21-22.

On September 7, 2007, United States District Judge J. Michael Seabright issued an Order Adopting Magistrate's Findings and Recommendation ("Order Adopting F&R"), and the Court entered judgment.  On October 5, 2007, Plaintiffs timely filed the instant Motion.

DISCUSSION

I.  <u>Attorneys' Fees</u>

    A.  <u>Entitlement to Attorneys' Fees</u>

        Plaintiffs argue that in light of the Court's

4

F&R and the Order Adopting F&R, it is entitled to reasonable attorneys' fees and costs for the IDEA administrative action, the Appeal, and the instant action.  According to Plaintiffs, the only remaining issue is the amount of fees and costs due Plaintiffs under Rule 54(d).

Section 1415 of Title 20 of the United States Code provides:  "In any action or proceeding brought under this section, the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . . to a prevailing party who is the parent of a child with a disability."  20 U.S.C. § 1415(i)(3)(B)(I).  As Plaintiffs correctly assert, the Court has determined that they are the prevailing party in the IDEA administrative action and the Appeal.  Further, Plaintiffs are the prevailing party in the instant action given the entry of partial summary judgment and judgment in their favor.  All that remains for the Court to determine is the reasonableness of the fees and costs requested by Plaintiffs.

B.   Calculation of Fees

Under federal law, reasonable attorneys' fees are generally based on the traditional "lodestar" calculation set forth in Hensley v. Eckerhart, 461 U.S. 424, 433 (1983).  See Fischer v. SJB-P.D., Inc., 214 F.3d 1115, 1119 (9th Cir. 2000).  The court must determine a reasonable fee by multiplying "the number of hours reasonably expended on the litigation" by "a reasonable hourly rate."  Hensley, 461 U.S. at 433. Second, the court must decide whether to adjust the lodestar amount based on an evaluation of the factors articulated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975), which have not already been subsumed in the lodestar calculation.  See Fischer, 214 F.3d at 1119 (citation omitted).

The factors the Ninth Circuit articulated in Kerr are:

> (1) the time and labor required, (2) the
> novelty and difficulty of the questions
> involved, (3) the skill requisite to
> perform the legal service properly, (4)
> the preclusion of other employment by the
> attorney due to acceptance of the case,

6

> (5) the customary fee, (6) whether the fee
> is fixed or contingent, (7) time
> limitations imposed by the client or the
> circumstances, (8) the amount involved and
> the results obtained, (9) the experience,
> reputation, and ability of the attorneys,
> (10) the "undesirability" of the case,
> (11) the nature and length of the
> professional relationship with the client,
> and (12) awards in similar cases.

Kerr, 526 F.2d at 70.  Factors one through five have been subsumed in the lodestar calculation.  See Morales v. City of San Rafael, 96 F.3d 359, 364 n.9 (9th Cir. 1996).  Further, the Ninth Circuit, extending City of Burlington v. Dague, 505 U.S. 557, 567 (1992), held that the sixth factor, whether the fee is fixed or contingent may not be considered in the lodestar calculation.  See Davis v. City & County of San Francisco, 976 F.2d 1536, 1549 (9th Cir. 1992), vacated in part on other grounds, 984 F.2d 345 (9th Cir. 1993).  Once calculated, the "lodestar" is presumptively reasonable.  See Pennsylvania v. Delaware Valley Citizens' Council for Clean Air, 483 U.S. 711, 728 (1987); see also Fischer, 214 F.3d at 1119 n.4 (stating that the lodestar figure should only be adjusted in

7

rare and exceptional cases).

Plaintiffs request the following attorneys' fees for work performed by their attorney, Irene Vasey, in connection with the IDEA administrative action, the Appeal, and the instant case:

| MATTER | HOURS | RATE | LODESTAR |
|--------|-------|------|----------|
| IDEA action | 142.10 | $185 | $26,288.50[1] |
| Appeal | 51.8 | $185 | $9,583.00[2] |
| Present action | 78.3 | $185 | $14,485.50[3] |

Ms. Vasey's experience includes over twelve years of litigation experience and over six years handling IDEA cases.  Mot., Declaration of Irene Vasey ("Vasey Decl.") at ¶ 4.

---

[1]  Plaintiffs submitted a lodestar calculation of $28,958.24.  It appears that Plaintiffs erroneously used their calculation for fees, costs and general excise tax as the lodestar amount.

[2]  Plaintiffs erroneously submitted a lodestar calculation of $10,091.25.

[3]  Plaintiffs erroneously submitted a lodestar calculation of $15,767.71.

8

1.   <u>Reasonable Hourly Rate</u>

In determining what is a reasonable hourly rate, the experience, skill, and reputation of the attorney requesting fees are taken into account.  <u>See Webb v. Ada County</u>, 285 F.3d 829, 840 & n.6 (9th Cir. 2002).  The reasonable hourly rate should reflect the prevailing market rates in the community.  <u>See id.</u>; <u>Gates v. Deukmejian</u>, 987 F.2d 1392, 1405 (9th Cir. 1992), <u>as amended on denial of reh'g</u>, (1993) (noting that the rate awarded should reflect "the rates of attorneys practicing in the forum district").  It is the burden of the fee applicant to produce satisfactory evidence, in addition to an affidavit from the fee applicant, demonstrating that the requested hourly rate reflects prevailing community rates for similar services.  <u>See Jordan v. Multnomah County</u>, 815 F.2d 1258, 1263 (9th Cir. 1987).

In addition to her Declaration, Ms. Vasey submitted declarations from Shelby Anne Floyd, Esq., Carl Varady, Esq., and Stanley Levin, Esq., to support

9

her argument that her requested rate is reasonable. <u>See</u> Mot., Declaration of Shelby Anne Floyd, Declaration of Carl M. Varady, and Declaration of Stanley E. Levin. Further, this Court is well aware of the prevailing rates in the community for similar services performed by attorneys of comparable experience, skill and reputation.  Based on this Court's knowledge of the prevailing rates and the attorneys' submissions in this case, this Court finds that Ms. Vasey's requested hourly rate of $185 is manifestly reasonable.

    2.  <u>Hours Reasonably Expended</u>

Beyond establishing a reasonable hourly rate, a prevailing party seeking attorneys' fees bears the burden of proving that the fees and costs taxed are associated with the relief requested and are reasonably necessary to achieve the results obtained.  <u>See</u> <u>Tirona v. State Farm Mut. Auto. Ins. Co.</u>, 821 F. Supp. 632, 636 (D. Haw. 1993) (citations omitted).  The court must guard against awarding fees and costs which are excessive, and must determine which fees and costs were

self-imposed and avoidable.  See Tirona, 821 F. Supp. at 637 (citing INVST Fin. Group v. Chem-Nuclear Sys., 815 F.2d 391, 404 (6th Cir. 1987), cert. denied, 484 U.S. 927 (1987)).  This Court has "discretion to 'trim fat' from, or otherwise reduce, the number of hours claimed to have been spent on the case."  Soler v. G & U, Inc., 801 F. Supp. 1056, 1060 (S.D.N.Y. 1992) (citation omitted).  Time expended on work deemed "excessive, redundant, or otherwise unnecessary" shall not be compensated.  See Gates, 987 F.2d at 1399 (quoting Hensley, 461 U.S. at 433-34).

a.   IDEA Administration Action

Plaintiffs submit that Ms. Vasey spent 142.1[4] hours in the administrative action:  16.9 hours for case development; 39.6 hours for pleadings; .5 hours for court hearings; and 85.1 hours for trial preparation and trial.  See Mem. in Supp. of Mot. at

---

[4]  The Court notes that while Plaintiffs submit that Ms. Vasey expended 142.10 hours in the IDEA administrative action, Ms. Vasey designated 1.1 hours of her time as "no charge".  Ex. B to Mot. at 1-2. Thus, 142.10 hours are reduced by 1.1 hours, for a total of 141 hours.

23; Ex. B to Mot. at 1-5.  Defendants do not challenge Plaintiffs' submissions.

After careful review of Ms. Vasey's itemized billing records, the Court finds that although the requested hours are for the most part reasonable, it is necessary to make some adjustments due to the inadequacy of the following entries:  1) Case Development - 4/20/06 "Telephone w/Casey"; 2) Case Development - 6/16/06 "Telephone call from client"; 3) Pleadings - 7/12/06 "Review faxes"; 4) Trial Preparation and Trial - 6/20/06 "Telephone call to Casey"; 5) Trial Preparation and Trial - 6/26/06-6/29/06 "Meet w/clients".  Ex. B to Mot. at 1-5.  The lack of detail in these entries precludes the Court from ascertaining whether Ms. Vasey's time was reasonably spent.  Ms. Vasey expended seven hours on these tasks.  Accordingly, the Court reduces the 141 hours requested by Plaintiffs by 7 hours, for a total of 134 hours.

b.   Appeal

Plaintiffs submit that Ms. Vasey spent 51.4[5] hours in the administrative action:  3.7 hours for case development; 15.5 hours for pleadings; 30.4 hours for motions practice; and 1.8 hours for trial preparation and trial.  See Mem. in Supp. of Mot. at 23; Ex. C to Mot. at 1-5.  Defendants do not challenge Plaintiffs' submissions.

As before, the Court finds that the majority of Ms. Vasey's hours are reasonable.  However, Ms. Vasey again fails to sufficiently detail some of her time entries.  The following entries are deficient:  1) Case Development - 4/2/07 "Telephone call w/clients" and 2) Motions Practice - 12/4/06 "Meet w/client".  Ms. Vasey expended .8 hours on these communications with Plaintiffs.

In addition, the following entries under "Trial

---

[5]   In Exhibit C at 3, and at the top of page 23 of their Memorandum, Plaintiffs incorrectly indicate that Ms. Vasey expended 51.8 hours.  However, at the bottom of page 23 of the Memorandum, Plaintiffs correctly note that Ms. Vasey expended 51.4 hours.

Preparation & Trial" are not reasonable:  1) 3/2/07 -
"Email from/to Richlyn w/F's phone number; 2) 3/7/07 -
"Emails from/to court -3x and client re: Friday
hearing"; 3) 3/8/07 - "Telephone call w/Richlyn re:
hearing tomorrow; telephone call client"; 4) 3/26/07 -
"Email to/from court room manager".  Ex. C to Mot. at
1-3.  Ms. Vasey expended .9 hours on the exchanges with
the courtroom manager.  These communications are
clerical in nature, as courtroom managers are part of
the office of the Clerk of the Court.  Work that is
clerical in nature should be subsumed in a law firm's
overhead and is not compensable in a motion for
attorneys' fees.

        The Court acknowledges that two of the entries
include communications between Ms. Vasey and
Plaintiffs.  However, because the Court is unable to
apportion the entries between communications with the
courtroom manager and communications with Plaintiffs,
all of the time will be excluded.  For these reasons,
the Court finds that the 51.4 hours requested for the

Appeal should be decreased by 1.7 hours, which results in a total 49.7 hours.

### c.   The Present Action

Plaintiffs represent that Ms. Vasey has spent 78.3[6] hours in the instant case.  For the reasons discussed with respect to the administrative action and appeal, the Court finds the following entries to be deficient:  1) Case Development - 8/16/07 "Email to clients" and 2) Case Development - 7/23/07 "Email/Telephone call to Courtroom Manager".  Ms. Vasey expended .5 hours on these tasks.  Accordingly, the Court recommends that the district court reduce the requested 73.3 hours by .5 hours, for a total of 72.8 hours.

### 3.   Total Fee Award

Based on the foregoing, the Court finds that Plaintiffs have established the appropriateness of the

_____

[6]   The Court notes that while Plaintiffs submit that Ms. Vasey expended 78.3 hours in the present action, Ms. Vasey designated 5 hours of her time as "no charge".  Ex. D to Mot. at 2.  Thus, 78.3 hours are reduced by 5 hours, for a total of 73.3 hours.

following attorneys' fees incurred in the IDEA administrative action, the Appeal, and the present action:

| MATTER | HOURS | RATE | LODESTAR |
|--------|-------|------|----------|
| IDEA action | 134 | $185 | $24,790.00 |
| Appeal | 49.7 | $185 | $9,194.50 |
| Present action | 72.8 | $185 | $13,468.00 |
| | | SUBTOTAL: | $47,452.50 |
| | | G.E.T. (4.224%)[7]: | $ 2,004.39 |
| | | **TOTAL:** | **$49,456.89** |

The Court declines to adjust this amount based on the Kerr factors and recommends that the district court award Plaintiffs $49,456.89 in attorneys' fees.

II. Costs

   A.   Entitlement to Costs

        In addition to attorneys' fees, Plaintiffs seek

---

        [7]  Plaintiffs have not specified what general excise tax rate they applied, but based on their submissions, it appears that the rate is approximately 4.224%.

to recover the costs incurred in the three actions.

Specifically, Plaintiffs request:

> (1) copying costs - $343.90
> (2) postage - $5.39
> (3) travel - $904.82
> (4) service of process - $276.56
> (5) outside printing - $344.38
> (6) outside counsel document drafting -
>     $1,000.00

See Mem. in Supp. of Mot. at 25; Exs. B-D of Mot.

Rule 54(d)(1) of the Federal Rules of Civil
Procedure provides that "costs other than attorneys'
fees shall be allowed as of course to the prevailing
party unless the court otherwise directs."  Fed. R.
Civ. P. 54(d)(1).  The Local Rules provide that "[t]he
party entitled to costs shall be the prevailing party
in whose favor judgment is entered, or shall be the
party who prevails in connection with a motion listed
in LR54.2(b)."  Local Rule 54.2(a).

Courts have discretion to award costs pursuant
to Rule 54(d).  See Yasui v. Maui Electric Co., Ltd.,
78 F. Supp. 2d 1124, 1126 (D. Haw. 1999).  The burden
is on the losing party to demonstrate why costs should

not be awarded.  <u>Stanley v. Univ. of Southern California</u>, 178 F.3d 1069, 1079 (9th Cir. 1999).

In this case, Defendants have not opposed the Motion.  Moreover, Plaintiffs are the "prevailing party" in all three actions.  The Court will therefore tax statutorily permitted costs in their favor.

B.  <u>Calculation of Taxable Costs</u>

While courts have discretion to award costs pursuant to Rule 54(d), courts may only tax the costs specified in 28 U.S.C. § 1920.  <u>See</u> <u>Yasui</u>, 78 F. Supp. 2d at 1126 (citing <u>Alflex Corp. v. Underwriters Laboratories, Inc.</u>, 914 F.2d 175, 177 (9th Cir. 1990); <u>Crawford Fitting Co. v. J.T. Gibbons, Inc.</u>, 482 U.S. 437, 441-42 (1987)).  Section 1920 enumerates the following costs:

> (1) Fees of the clerk and marshal;
> (2) Fees of the court reporter for all or any part of the stenographic transcript necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and copies of papers necessarily obtained for use in the case;

18

(5) Docket fees under section 1923 of
the title;
(6) Compensation of court appointed
experts, compensation of interpreters,
and salaries, fees, expenses, and
costs of special interpretation
services under section 1828 of this
title.

28 U.S.C. § 1920; <u>Yasui</u>, 78 F. Supp. 2d at 1126.  The

Court addresses each of the costs requested by

Plaintiffs in turn.

1.   <u>Copying Costs</u>

Plaintiffs request taxation of in-house copying

costs totaling $343.90.  This represents 3,439[8] copies

made in the three actions at $.10 per copy.  Plaintiffs

provided an itemized listing of documents copied for

each action, as well as the number of pages copied for

each.  Exs. B-D to Mot.  Section 1920(4) explicitly

provides for the taxation of copying costs.  Local Rule

54.2(f)4 further specifies that:

The cost of copies necessarily obtained
for use in the case is taxable provided
the party seeking recovery submits an
affidavit describing the documents copied,

---

[8]   According to the Court's calculations, Plaintiffs
made 3,449 copies, for a total of $344.90.

the number of pages copied, the cost per
page, and the use of or intended purpose
for the items copied.  The practice of
this court is to allow taxation of copies
at $.15 per page or the actual cost
charged by commercial copiers, provided
such charges are reasonable.  The cost of
copies obtained for the use and/or
convenience of the party seeking recovery
and its counsel is not allowable.

Local Rule 54.2(f)4.  Plaintiffs indicate that the per

page copying cost was $.10.  As set forth in Local Rule

54.2(f)4, this charge is reasonable.  Further, upon

review of the documents copied, the Court finds that

they were necessarily obtained for use in the case.

The Court therefore FINDS that a total of $344.90 in

copying costs is taxable.

2.  Service of Process

Section 1920(1) allows for the taxation of the

fees of the marshal.  See also Local Rule 54.2(f)(1)

("Fees for the service of process and service of

subpoenas by someone other than the marshal are

allowable, to the extent they are reasonably required

and actually incurred.").  Plaintiffs request $276.56

for the service of process in the administrative action

20

and the present action.  Plaintiffs submitted an
invoice for the administrative action.  Ex. B to Mot.
However, although they request costs for two services
of process, they only submitted one invoice.  Ex. D to
Mot.  Because the Court is without verification of the
third service of process, it cannot tax those costs.
Accordingly, the Court finds that $226.56 is taxable.

      3.  <u>Outside Printing</u>

      Plaintiffs request $344.38 in outside printing
costs.  Section 1920(3) provides for the taxation of
"[f]ees and disbursements for printing."  However, the
invoice submitted by Plaintiffs indicates that the
printing is for an ad placed by Plaintiffs with West
Hawaii Today.  Ex. B to Mot.  Neither the itemization
of costs nor the invoice specifies whether this ad
constitutes "printing" in connection with the
administrative action.  Therefore, the Court declines
to tax outside printing costs.

      4.  <u>Postage, Travel (car, hotel, food),</u>
         <u>Outside Counsel Document Drafting</u>

      Plaintiffs request postage, travel, and outside

counsel document drafting costs.  However, none of these costs are expressly provided for in § 1920.[9]  The Court thus finds that they are not taxable as costs.

5.  Total Taxable Costs

The Court finds that $344.90 in copying costs and $226.56 in service of process costs are taxable, for a total of $571.46.  Applying the general excise tax submitted by Plaintiffs, the Court recommends that the district court tax $595.60 in costs.

CONCLUSION

In accordance with the foregoing, this Court, acting as Special Master, FINDS and RECOMMENDS that Plaintiffs' Rule 54(d) Motion for Determination of Attorney's Fees and Costs, filed October 5, 2007, be GRANTED IN PART and DENIED IN PART.  The Court

_____

[9]   The Court notes that while certain expenses (i.e. postage, travel, long distance telephone calls, facsimile, computerized legal research) are ordinarily allowed under 42 U.S.C. § 1988, Doe ex rel. Doe v. Keala, 361 F. Supp. 2d 1171, 1189 (D. Haw. 2005), § 1988 "does not provide for fees related to a successful IDEA claim."  Ford v. Long Beach Unified School Dist., 461 F.3d 1087, 1090 n.4 (9th Cir. 2006).

recommends that the district court award Plaintiffs $49,456.89 in attorneys' fees and $595.60 in taxable costs, for a total of $50,052.49.

IT IS SO FOUND AND RECOMMENDED.

DATED: Honolulu, Hawaii, November 14, 2007.



_____
Kevin S.C. Chang
United States Magistrate Judge

A.F. and K.F., on behalf of their minor child, R.F. v. PATRICIA HAMAMOTO, ET AL.; CIVIL NO. 07-00278 JMS-KSC; REPORT OF SPECIAL MASTER RECOMMENDING THAT PLAINTIFFS' RULE 54(D) MOTION FOR DETERMINATION OF ATTORNEY'S FEES AND COSTS BE GRANTED IN PART AND DENIED IN PART